FULMER, Judge.
In this appeal, Gaines challenges the requirement that she maintain full-time employment as a condition of her community control. We reverse and remand for the trial court to reconsider the imposition of this condition.
After Gaines admitted violating the probation she was serving in the underlying case, the trial court sentenced her to two years’ community control subject to the same terms and conditions that had been imposed as conditions of her probation. At the sentencing hearing, Gaines explained that she now has a baby and would like to stay home to care for the child but her probation officer had previously required her to maintain full-time employment. When Gaines asked if she would still be required to have a full-time job, the following exchange occurred:
The Court: Yes ma’am. That’s a condition of your community control. That’s just a requirement of community control that you are employed. Okay.
[Games’ counsel]: Does that apply if she has someone to support her and she can be an at-home mom?
The Court: My understanding, community control, that’s one of the standard conditions, you are employed.
[Gaines’ counsel]: Full-time or part-time?
The Court: Whatever the statute requires. I think it’s full-time.
The statute referred to by the trial court, section 948.03, Florida Statutes (2000), provides:
*514 (1) The court shall determine the terms and conditions of probation or community control ... Conditions specified in paragraphs (a)-(m) and (2)(a) do not require oral pronouncement at sentencing and may be considered standard conditions of community control. These conditions may include among them the following, that the probationer or offender in community control shall:
[[Image here]]
(c) Work faithfully at suitable employment insofar as may be possible.
(Emphasis added).
We first observe that the standard employment condition is to work faithfully at “suitable employment” insofar as may be possible, as opposed to “full-time” employment. And, while the statute directs the trial court to determine the terms and conditions of community control, it is within the discretion of the trial court to determine which of those conditions “may” be imposed. See § 948.03(1).
Gaines argues that the trial court imposed a condition of full-time employment under the mistaken assumption that it was a mandatory requirement of the statute, and she argues that the trial court had the authority to modify the terms of supervision and remove the employment condition or to require only part-time employment. Gaines further argues that the trial court could have construed the standard employment condition to include being a full-time stay-at-home mom. We agree with all of Gaines’ arguments.
Accordingly, we affirm the revocation order, strike the employment condition from the order of community control, and remand for the trial court to reconsider Gaines’ request regarding the employment condition.
Reversed and remanded.
ALTENBERND, C.J., and THREADGILL, EDWARD F., Senior Judge, Concur.